Electronically FILED by
Superior Court of California,
County of Los Angeles
10/19/2023 10:13 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

Alvin M. Gomez, Esq., State Bar No. 137818
alvingomez@thegomezlawgroup.com
Boris Smyslov, Esq., State Bar No. 297252
boris@thegomezlawgroup.com
**GOMEZ LAW GROUP**
2725 Jefferson Street, Suite 3
Carlsbad, California 92008
Telephone: (858) 552-0000
Facsimile: (760) 542-7761

Attorneys for Plaintiff Brandon Bryan

## SUPERIOR COURT STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| BRANDON BRYAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES dba Los Angeles County Sheriff's Department, FNU CHAVEZ, FNU MARQUEZ, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 23STCV25557<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1) VIOLATION OF 42 USC §1983;<br>(2) FAILURE TO SUPERVISE;<br>(3) CUSTOM AND PRACTICE;<br>(4) NEGLIGENCE;<br>(5) NEGLIGENT HIRING, SUPERVISION AND MANAGEMENT;<br>(6) BATTERY BY LAW ENFORCEMENT OFFICER;<br>(7) FALSE ARREST WITHOUT WARRANT; AND<br>(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.<br><br>**DEMAND EXCEEDS $25,000**<br><br>UNLIMITED CIVIL CASE<br><br>DEMAND FOR JURY TRIAL |

Plaintiff BRANDON BRYAN ("Plaintiff"), by and through his undersigned attorneys, hereby files this Complaint against Defendants COUNTY OF LOS ANGELES dba Los Angeles County Sheriff's Department, FNU CHAVEZ, FNU MARQUEZ, and DOES 1 through 50 (Jointly referred to as "Defendants"), and hereby alleges against each Defendant as follows:

///

1

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.

2. The acts and omissions complained of in this action took place in the State of California, Defendants COUNTY OF LOS ANGELES dba Los Angeles County Sheriff's Department, FNU CHAVEZ and FNU MARQUEZ are located in the County of Los Angeles, State of California, on information and belief.

3. Venue is proper because the acts and/or omissions complained of took place, in whole or in part, within the venue of this Court, and/or one or more Defendant resides and does business within the venue of this court.

## *GENERAL ALLEGATIONS*

4. At all times mentioned herein Defendant COUNTY OF COUNTY OF LOS ANGELES (hereinafter referred to as "COUNTY") is a charter subdivision of the State of California with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its nearest agency and agencies, including the Los Angeles County Sheriff's Department (hereinafter "LACSD") and its agents and employees. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the LACSD and its employees comply with the laws and constitutions of the United States and of the State of California.

5. Defendants, FNU CHAVEZ, FNU MARQUEZ and DOES 1 through 50, inclusive, were at all times herein mentioned police officers with Defendant COUNTY and LACSD, acting within the course and scope of their employment and while under color of State law. They are sued in their individual and official capacities.

6. Plaintiff is informed and believes and thereon alleges that Defendants and Defendants sued herein as DOES 1 through 50, inclusive, are officers, agents or

employees of Defendants COUNTY and LACSD; and were at all times relevant herein acting within the course and scope of their respective employment with each. Each Defendant is the agent of the other. Plaintiff alleges that each of the Defendants named as a DOE was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this court to amend this Complaint to allege such name and responsibility when that information is ascertained.

7. At all times herein mentioned, Defendants FNU CHAVEZ, FNU MARQUEZ, COUNTY OF LOS ANGELES dba Los Angeles County Sheriff's Department, DOES 1 through 50, and each of them, were subject to Title 42 U.S.C. Sections 1983, 1988, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the United States and the State of California. Plaintiff alleges that the conduct of said Defendants, and each of them, deprived the Plaintiff of his constitutionally protected rights.

8. At all times herein mentioned, Defendants FNU CHAVEZ, FNU MARQUEZ, and each of them, including DOES 1 through 50, inclusive, were duly appointed, qualified and acting officers, employees and/or agents of the COUNTY and LACSD, and acting within the course and scope of their employment, and/or agency, and under color of state law. Each of said Defendants caused and are responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing or refusing, with deliberate indifference to Plaintiff and his rights, failing to initiate and maintain adequate supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to

mean the acts and failures, including omissions to act on the part of each Defendant individually, jointly and severally.

9. At all times herein mentioned, and prior thereto, Defendants, and each of them, had a duty to:

(a)  Objectively investigate claims of excessive force, where appropriate, reprimand, retrain, instruct or sanction COUNTY peace officers found to have used excessive force;

(b)  Train and instruct COUNTY peace officers to respect and not violate federal and constitutional statutory rights of individuals similarly situated to and including Plaintiff;

(c)  Supervise COUNTY peace officers to ensure that they do not have a practice or pattern of excessive force, including covering up of excessive force;

(d)  Investigate officer involved uses of excessive force in a manner consistent with accepted criminal investigations to avoid cover ups of excessive force and misconduct;

(e)  Train and instruct police officers to properly respond to situations of potential stolen car plates; and

(f)  To train, instruct, and supervise COUNTY peace officers on policies and procedures implemented by the COUNTY in use of force, among other policies and procedures. There may be additional facts which are currently under investigation and within the exclusive control of Defendants, and each of them. Plaintiff will amend this Complaint at the appropriate time, or prove said facts at the time of trial.

10.  Plaintiff has satisfied the claim and notice requirements concerning DEFENDANT COUNTY OF LOS ANGELES. On August 28, 2023, Office of the County Counsel for the County of Los Angeles mailed Plaintiff a letter denying Plaintiff's claims and advising him that he may file his claims with the court of law.

///

///

## FIRST CAUSE OF ACTION

*(Violation of Civil Rights Causing Injury-as against COUNTY OF LOS ANGELES dba Los Angeles County Sheriff's Department, FNU CHAVEZ and FNU MARQUEZ)*

11. Plaintiff realleges and incorporates by reference each and every allegations contained in Paragraphs 1 through 10 above, as though fully set forth herein. This action arises within Title 42 of the United States Code Sections 1983 and 1988 of the United States Constitution and common law principals.

12. On or about May 25, 2023, Plaintiff was approached by Defendants CHAVEZ and MARQUEZ at his place of business. Due to said Defendants' lack of training, said Defendants caused the situation with Plaintiff to escalate. Defendants CHAVEZ and MARQUEZ, in violation of the policies and procedures of the COUNTY, violated the constitutional rights of Plaintiff in that said Defendants had no reasonable grounds to use force, handcuff and arrest Plaintiff, and in fact violated the training, custom and practice of the COUNTY by using force against Plaintiff in a manner which is in violation of its policies, practices and procedures.

13. Plaintiff is informed and believes and thereon alleges that said Defendants, and each of them, lacked proper training and qualifications in dealing with stress situations in the use nonlethal force, detention and in arrest without warrant. The lack of training by said Defendants is evidence in their conduct in improperly using force and arresting Plaintiff. Plaintiff suffered bodily end emotional stress and injury as the result of Defendants' actions.

14. Said Defendants, and each of them, deprived Plaintiff of his rights when said Defendants, acting or pretending to act under color of state law and of statutes, ordinances, regulations, and customs and usages of the Law of the United States,

State of California, County of Los Angeles, which rights are included but not limited to, privileges and immunities secured to Plaintiff by the constitution and laws of the State, and particularly:

    (a) The right to be free from excessive or unreasonable force in violation of his rights protected under the Fourth Amendment; and

    (b) The right to be treated fairly and justly;

    (c) The right to not be exposed by officers who are not properly trained, supervised and managed; and

    (d) The right to be free from unreasonable searches and seizures protected under the Fourth Amendment.

15. Each of these deprivations of rights caused the injury of Plaintiff.

16. By reason of the acts alleged above and as a direct and proximate result of said Defendants' conduct, action and inaction, Plaintiff incurred, and will continue to incur, pecuniary losses and damages, including those resulting from the following:

    a. Emotional distress caused by and loss of trust into the law enforcement, in an amount to be proved at trial;

    b. Medical and related expenses in an amount to be proved at trial; and

    c. Loss of wages in an amount to be proved at trial.

17. By virtues of 42 U.S.C. Sections 1983 and 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs according to proof.

18. The individual Defendants CHAVEZ and MARQUEZ acted with reckless disregard to the rights and safety of Plaintiff, thereby violating his constitutional rights and punitive damages should be accessed against them individually.

6
COMPLAINT FOR DAMAGES

## *SECOND CAUSE OF ACTION*

### *(Failure to Supervise Causing Constitutional Violation as Death-as against COUNTY, CHAVEZ and MARQUEZ)*

19. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 18, above, as though fully set forth herein.

20. Plaintiff is informed and believes and thereon alleges that Defendants COUNTY and LACSD, and each of them, under the exercise of reasonable care should have known a history propensity and pattern at the time that the use of excessive force against Plaintiff occurred, that Defendants CHAVEZ and MARQUEZ failed to receive adequate training and supervision by COUNTY and LACSD concerning the use of force, handcuffing and arrest.

21. Notwithstanding this information and history of the lack of proper training, Defendant COUNTY disregarded this knowledge of inadequate training and failed to adequately train, investigate and discover the pattern and practice of unconstitutional violations of the existing facts which creates the potential of unconstitutional acts which violated a duty to train and instruct said co-defendants' agents and employee police officers to prevent similar acts to other persons and failed to take steps to properly train, supervise, investigate and instruct Co-Defendants, as a result injuries were inflicted on Plaintiff and he was improperly arrested as a result of the pattern and practice followed by said Defendants.

22. Said Defendants, and each of them, breached said duties as follows:

    (a) By failing, neglecting and refusing to objectively investigate excessive force complaints or to impose disciplinary sanctions on COUNTY peace officers who are suspected of using excessive force on multiple occasions;

7
COMPLAINT FOR DAMAGES

(b) By failing, neglecting and refusing to train COUNTY peace officers to respect or protect constitutional and statutory rights of individuals;

(c) By failing, neglecting and refusing to supervise COUNTY peace officers as police officers who have a pattern of using excessive force based upon improper training;

(d) By failing to train and instruct police officers not to engage in tactics that lead to the use of excessive and unnecessary force;

(e) To train, instruct, and supervise COUNTY peace officers on policies and procedures implemented by the LACSD in use of force, handcuffing, arrest, among other policies and procedures.

23. Each of these deprivations of rights caused the injury of Plaintiff.

24. By reason of the acts alleged above and as a direct and proximate result of said DEFENDANTS conduct, action and inaction, Plaintiff incurred, and will continue to incur, pecuniary losses and damages, including those resulting from the following:

a. Emotional distress caused by and loss of trust into the law enforcement, in an amount to be proved at trial;

b. Medical and related expenses in an amount to be proved at trial; and

c. Loss of wages in an amount to be proved at trial.

25. As a legal result of the conduct of said Defendants, and each of them, Plaintiff was damaged and injured as alleged herein, and a request for attorney's fees and costs pursuant to 42 U.S.C. Sections 1983 and 1988 is made.

/ / /

/ / /

### THIRD CAUSE OF ACTION

*(For Violation of 42 U.S.C. Section 1983 For Custom and Practice Causing Constitutional Violations as against COUNTY, CHAVEZ and MARQUEZ)*

26. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 25 above, as though fully set forth herein.

27. At all times herein mentioned, said Defendants, and each of them, maintained a de facto unconstitutional informal custom or pattern of permitting, ignoring and condoning police officers to use excessive force; and allowing officers to work together to prepare reports in the most favorable light, to justify excessive use of excessive force by COUNTY officers. In addition, said Defendants, and each of them, allowed a custom or practice to exist with regard to the improper training of police officers concerning the use of force.

28. At all times herein mentioned, said Defendants, and each of them, maintained a de facto and unconstitutional informal custom or practice of permitting, ignoring and condoning police officers for improper training methods concerning non-lethal force. The violation of the custom or practice was a legal cause of Plaintiff's injuries and damages.

29. Each of these deprivations of rights and the conduct of each defendant caused the injury of Plaintiff.

30. By reason of the acts alleged above and as a direct and proximate result of said Defendants conduct, action and inaction, Plaintiff incurred, and will continue to incur, pecuniary losses and damages, including those resulting from the following:

   (a) By failing, neglecting and refusing to objectively investigate excessive force complaints or to impose disciplinary sanctions on COUNTY peace officers who

are suspected of using excessive force on multiple occasions;

(b) By failing, neglecting and refusing to train COUNTY peace officers to respect or protect constitutional and statutory rights of individuals;

(c) By failing, neglecting and refusing to supervise COUNTY peace officers as police officers who have a pattern of using excessive force based upon improper training;

(d) By failing to train and instruct police officers not to engage in tactics that lead to the use of excessive and unnecessary force;

(e) By failing to train, instruct, and supervise COUNTY peace officers on policies and procedures implemented by the LACSD in use of force, handcuffs, arrest, among other policies and procedures.

31. As a legal result of the conduct of said Defendants, and each of them, Plaintiff was damaged and injured as alleged herein, and a request for attorney's fees and costs pursuant to 42 U.S.C. Sections 1983 and 1988 is made.

## *FOURTH CAUSE OF ACTION*

### *(Negligence as against COUNTY, CHAVEZ and MARQUEZ)*

32. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 31 above, as though fully set forth herein.

33. On or about May 25, 2023, Plaintiff was approached by Defendants CHAVEZ and MARQUEZ at his place of business. Due to said defendants lack of training, said defendants caused the situation with Plaintiff to escalate. Defendants CHAVEZ and MARQUEZ, in violation of the policies and procedures of the COUNTY, violated the constitutional rights of Plaintiff in that said Defendants had no reasonable grounds to use force, handcuff of arrest Plaintiff, and in fact violated the training, custom and practice of the COUNTY by using unnecessary force,

handcuffing and arresting him in a manner which is in violation of its policies, practices and procedures.

34. Defendants, and each of them, engaged in the use of unnecessary, unreasonable and excessive force and arrested and handcuffed Plaintiff without a warrant or probable cause.

35. As a direct and proximate result of the conduct, action and inaction of Defendants as set forth above, Plaintiff was injured, handcuffed and arrested without any warrant or probable cause.

36. By reason of the acts alleged above and as a direct and proximate result of said defendants conduct, action and inaction, Plaintiff incurred, and will continue to incur, pecuniary losses and damages, including those resulting from the following:

   a. Emotional distress caused by and loss of trust into the law enforcement, in an amount to be proved at trial;

   b. Medical and related expenses in an amount to be proved at trial; and

   c. Loss of wages in an amount to be proved at trial.

## *FIFTH CAUSE OF ACTION*

*(Negligent Hiring, Training, Retention and Supervision as against COUNTY)*

37. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 36 above, as though fully set forth herein.

38. Upon information and belief, Plaintiffs allege that Defendant COUNTY was negligent in the selection of hiring, training, evaluation, retention, discipline, management, control, review, and supervision of their employees and co-defendants thereby legally causing the death of the decedent.

39. By reason of the acts alleged above and as a direct and proximate result of said

defendant's conduct, action and inaction, Plaintiff incurred, and will continue to incur, pecuniary losses and damages, including those resulting from the following:

a. Emotional distress caused by and loss of trust into the law enforcement, in an amount to be proved at trial;

b. Medical and related expenses in an amount to be proved at trial; and

c. Loss of wages in an amount to be proved at trial.

## *SIXTH CAUSE OF ACTION*

*(Battery by Law Enforcement Officer (Nondeadly force) as against* **COUNTY OF LOS ANGELES dba Los Angeles County Sheriff's Department, FNU CHAVEZ and FNU MARQUEZ)**

40. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 39 above, as though fully set forth herein.

41. Upon information and belief, Plaintiff alleges that Defendants FNU CHAVEZ and FNU MARQUEZ used unreasonable force to arrest or detain Plaintiff.

42. Defendants FNU CHAVEZ and FNU MARQUEZ intentionally touched Plaintiff.

43. Defendants FNU CHAVEZ and FNU MARQUEZ used unreasonable force on Plaintiff.

44. Plaintiff did not consent to the use of that force.

45. Plaintiff was harmed by Defendants.

46. By reason of the acts alleged above and as a direct and proximate result of said Defendants' conduct, action and inaction, Plaintiff incurred, and will continue to incur, pecuniary losses and damages, including those resulting from the following:

a. Emotional distress caused by and loss of trust into the law enforcement, in an amount to be proved at trial;

b. Medical and related expenses in an amount to be proved at trial; and

c. Loss of wages in an amount to be proved at trial.

47. Defendants FNU CHAVEZ and FNU MARQUEZ had no reasonable cause to believe that Plaintiff has committed a crime.

48. Furthermore, Defendants FNU CHAVEZ and FNU MARQUEZ had no reason to handcuff Plaintiff who did not pose an immediate threat to the safety of Defendants FNU CHAVEZ and FNU MARQUEZ or others and did not attempt to evade Defendants.

## *SEVENTH CAUSE OF ACTION*

### *(False arrest without a warrant as against* COUNTY OF LOS ANGELES dba Los Angeles County Sheriff's Department, FNU CHAVEZ and FNU MARQUEZ)

49. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 48 above, as though fully set forth herein.

50. Upon information and belief, Plaintiff alleges that he was wrongfully arrested by Defendants FNU CHAVEZ and FNU MARQUEZ who did not have any warrant for his arrest,

51. Plaintiff was harmed by Defendants.

52. By reason of the acts alleged above and as a direct and proximate result of said Defendants' conduct, action and inaction, Plaintiff incurred, and will continue to incur, pecuniary losses and damages, including those resulting from the following:

a. Emotional distress caused by and loss of trust into the law enforcement, in an amount to be proved at trial;

b. Medical and related expenses in an amount to be proved at trial; and

c. Loss of wages in an amount to be proved at trial.

## EIGHTH CAUSE OF ACTION

*(Intentional Infliction of Emotional Distress as against COUNTY OF LOS ANGELES dba Los Angeles County Sheriff's Department, FNU CHAVEZ and FNU MARQUEZ)*

53. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 52 above, as though fully set forth herein.

54. Upon information and belief, Plaintiff alleges that Defendants FNU CHAVEZ and FNU MARQUE's conduct caused him to suffer severe emotional distress..

55. Defendants FNU CHAVEZ and FNU MARQUEZ arrested handcuffed and used unreasonable force upon Plaintiff in front of customers at his place of business when he did nothing wrong and did not try to evade Defendants.

56. Defendants FNU CHAVEZ and FNU MARQUEZ used unreasonable force on Plaintiff.

57. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress from their actions.

58. By reason of the acts alleged above and as a direct and proximate result of said defendant's conduct, action and inaction, Plaintiff suffered a severe emotional distress and damages resulting from the emotional distress caused by and loss of trust into the law enforcement, in an amount to be proved at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For general damages in an amount to be proved at trial;
2. For medical and related expenses in an amount to be proved at trial;
3. For loss of wages as result of Defendants' conduct, in an amount to be proved at trial;

4. For exemplary and punitive damages in an amount to be proved at trial;

5. For interest on all economic damages in the legal amount from May 25, 2023, to the date of judgment;

6. For attorneys' fees according to proof;

7. For costs of suit herein incurred; and

8. For such other and further relief as the court deems just and proper.

DATED: October 18, 2023

GOMEZ LAW GROUP
By: *[signature]*

**ALVIN M. GOMEZ, Esq.**
**BORIS SMYSLOV, Esq.**
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

DATED: October 18, 2023

GOMEZ LAW GROUP
By: *[signature]*

**ALVIN M. GOMEZ, Esq.**
**BORIS SMYSLOV, Esq.**
Attorneys for Plaintiff