UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-00060 FMO (AGRx) | Date | August 26, 2024 |
|---|---|---|---|
| Title | Brandon Bryan v. County of Los Angeles, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Motion for Limited Stay [38]

Having reviewed and considered defendant County of Los Angeles' ("County") Motion for a Limited Stay [of] Discovery (Dkt. 38, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

The County seeks a limited stay of discovery relating to plaintiff's Monell[1] claim pending a ruling on the County's motion to dismiss and strike plaintiff's First Amended Complaint ("FAC"), (See Dkt. 38, Motion at 1), which seeks dismissal of the Monell claims.[2] (See Dkt. 14, Defendant County['s] Motion to Dismiss at 4-10). The County contends that it "will suffer substantial hardship if discovery progresses and it is forced to expend significant time and resources engaging discovery on issues that end up being irrelevant if the Court grants its Motion to Dismiss." (Dkt. 38, Memorandum of Points and Authorities ("Memo") at 5).

Generally, "[t]he district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Markson v. CRST Int'l, Inc., 2020 WL 8994103, *1 (C.D. Cal. 2020) ("District courts have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss.") (citing Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987)). "Under the liberal discovery principles of the Federal Rules[, the parties are] required to carry a heavy burden of showing why discovery [should be stayed]." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). "Ordinarily, a pending dispositive motion is not a situation that in and of itself would warrant a stay of discovery unless jurisdiction, venue, or immunity are preliminary issues." Mwanza v. Naphcare, 2011 WL 4500269, *1 (D. Nev. 2011) (internal quotation marks omitted). Consistent with these principles, the court's Initial Standing Order on the Central District's website provides that "unless otherwise ordered, discovery shall not be stayed while any motion is pending, including any motion to dismiss, motion for protective

---

[1] Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018 (1978).

[2] The motion to dismiss does not seek dismissal of the claims asserted against the individual defendants, (see, generally, id.), who have filed their Answer to the FAC. (See Dkt. 32, Answer).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-00060 FMO (AGRx) | Date | August 26, 2024 |
|---|---|---|---|
| Title | Brandon Bryan v. County of Los Angeles, et al. | | |

order or motion to stay." (Initial Standing Order at 2).[3]

    Here, the County has failed to meet its burden to establish why discovery should be stayed. First, the court is not convinced at this juncture that plaintiff has failed to state a Monell claim against the County, or that he will be unable to do so if the motion to dismiss is granted with leave to amend. Cf., e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) ("A district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.") (cleaned up). Second, as plaintiff notes, (see Dkt. 39, Opposition to Defendant's Motion ("Opp.") at 3), the County did not raise the issue of a discovery stay in the parties' Joint Rule 26(f) Report, (see, generally, Dkt. 26, "Report"), which was filed on April 4, 2024 – after the pending motion to dismiss was filed. (See Dkt. 14, Motion to Dismiss).

    Third, the court issued the Scheduling and Case Management Order on April 16, 2024, (see Dkt. 30, Court's Order of April 16, 2024, ("Scheduling Order")), and set a fact discovery deadline of October 14, 2024. (See id. at 17). Despite the fact that the Scheduling Order made clear that "absent exceptional circumstances, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss or motion for protective order[,]"[4] (id. at 2) (emphasis in original), the County did not seek a stay of discovery until July 26, 2024 – over three months later. (See Dkt. 38, Motion). Finally, the court agrees with plaintiff that even if the motion to dismiss were granted, the discovery sought from the County could be relevant with respect to the claims against the individual defendants. (See Dkt. 39, Opp. at 6-7). Indeed, the defendants' Motion fails to acknowledge that virtually all the evidence (e.g., complaints against the officers, the entity's policies and procedures relating to the entities' practices) necessary to prove up a Monell claim is uniquely within the control of the governmental entity, i.e., the County.

    **This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

    Based on the foregoing, IT IS ORDERED THAT the County's Motion for a Limited Stay [of] Discovery **(Document No. 38)** is **denied**.

Initials of Preparer      vdr

---

   [3] http://www.cacd.uscourts.gov > Judges' Requirements > Judges' Procedures and Schedules > Hon. Fernando M. Olguin (http://www.cacd.uscourts.gov/honorable-fernando-m-olguin).

   [4] The court is troubled that despite this clear admonition regarding discovery, the County objected to plaintiff's discovery by stating that it "calls for information that is subject to Defendant County['s] Motion to Dismiss[.]" (See Dkt. 39, Opp. at 7).